■ Marissa S. Kay, Appellant, v State of New York, Respondent. [4 NYS3d 301]—

In a claim, inter alia, to recover damages for medical malpractice, the claimant appeals, as limited by her brief, from so much of an order of the Court of Claims (Lopez-Summa, J.), dated July 30, 2012, as granted that branch of the defendant's motion which was to dismiss the claim for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimant is a developmentally disabled young adult. Shortly after the claimant's eighteenth birthday, her parents filed a petition in the Surrogate's Court, Suffolk County, seeking to be appointed guardians of her person pursuant to SCPA article 17-A. The petition was granted, and by decree dated

February 3, 2010, the claimant's parents were appointed guardians of her person. More than one year later, on June 7, 2011, the claimant's father, Jonathan D. Kay (hereinafter Kay), filed this claim on her behalf, seeking damages, inter alia, for acts of medical malpractice allegedly committed shortly after the claimant's birth. The defendant moved to dismiss the claim on several grounds, arguing, among other things, that Kay lacked standing to file this action on the claimant's behalf. The Court of Claims granted that branch of the defendant's motion which was to dismiss the claim based on Kay's lack of standing, concluding that the decree appointing him guardian of the claimant's person did not authorize him to file and prosecute this action on her behalf.

SCPA 1701 provides that the Surrogate's Court "has power over the property of an infant and is authorized and empowered to appoint a guardian of the person or of the property or of both of an infant." The term "infant," as used in SCPA article 17-A guardianship proceedings, includes a developmentally disabled person (SCPA 1761). The SCPA further specifies that an infant may appear in an action by the guardian of his or her property (*see* SCPA 402 [1]), or by a guardian ad litem (*see* SCPA 402 [2]). In addition, CPLR 1201 provides in relevant part that where no guardian ad litem has been appointed, an infant "shall appear by the guardian of his property."

Contrary to the claimant's contention, Kay's appointment as guardian over her person did not authorize him to file this claim and prosecute it on her behalf. As guardian of the claimant's person, Kay has custody and control over her person "with a concurrent duty to watch over [her] general welfare" (*Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 24 [2008]). This is distinct from the role of a guardian of the property of an infant or a developmentally disabled person, who is required to "protect, preserve and manage" the property (SCPA 1723) so as to provide for the ward's personal, health, and educational needs (*see Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d at 24).

The claimant's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Court of Claims properly granted that branch of the defendant's motion which was to dismiss the claim for lack of standing. Eng, P.J., Chambers, Austin and Cohen, JJ., concur.